UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ALEX RODRIGUEZ GAVARETE, ET AL. | CIVIL ACTION NO. 6:24-0994 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ABEL TRUCKING, INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Before the Court is an unopposed Motion for Summary Judgment pursuant to Rule 56 brought by Defendant American Inter-Fidelity Exchange ("AIFE"). See Record Document 33. AIFE seeks dismissal with prejudice of Alex Rodriguez Gavarete's ("Gavarete") and Daniela Aguilera Moreno's ("Moreno") (collectively, "Plaintiffs") claims which arise out of a car wreck. AIFE maintains that there is no genuine issue of material fact that its insurance policy does not provide coverage for the Plaintiffs' alleged damages. See id. at 1. Plaintiffs have failed to oppose AIFE's Motion. For the reasons stated below, AIFE's unopposed Motion for Summary Judgment (Record Document 33) is **GRANTED**. All of Plaintiffs' claims against AIFE are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

On September 6, 2022, Gavarete owned and was operating a 2003 Toyota 4-Runner (hereinafter "Gavarete's vehicle"). See Record Document 1-2 at ¶ 3. Moreno was a passenger. See id. Plaintiffs were traveling West Bound on Interstate 10 in Lafayette Parish, Louisiana. See id. At about the same time, Defendant Luis Deulofeu Morejon ("Morejon") was operating a 1999 Freightliner Medium/Heavy Truck with a 2022 Vanguard Trailer attached (hereinafter "Morejon's vehicle"). See id. at ¶ 4. Morejon's vehicle collided with the back of Gavarete's vehicle, injuring Gavarete and Moreno. See id. at ¶ 5. These

allegations were set forth in Plaintiffs' Petition filed in the 15th Judicial District Court, Lafayette Parish, State of Louisiana, on August 23, 2023. See Record Document 1-2. The action was thereafter removed to this Court pursuant to 28 U.S.C. § 1441(b).

On July 25, 2025, AIFE filed its Motion for Summary Judgment where AIFE argues that it is entitled to a judgment as a matter of law because its insurance policy does not cover Plaintiffs' alleged damages. See Record Document 33 at 1. This assertion is supported by AIFE's contract with Continental Trucking Association Group for a commercial physical damage policy. See Record Document 33-2. Plaintiffs have not filed a response to AIFE's Motion.

**LAW AND ANALYSIS**

I. **Summary Judgment Standard**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.

1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id. This remains true even when a motion for summary judgment is unopposed, and the motion may not be granted solely because there is no opposition. See Swafford v. Experian Info. Solutions, Inc., No. 18-789, 2019 WL 5597310, at *3 (M.D. La. Aug. 27, 2019); see also Day v. Wells Fargo Bank Nat'l Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)). Still, this Court is not required to search the record for materials in support of the nonmovant's claim. See Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 (5th Cir. 1992), opinion corrected Mar. 26, 1992.

## II. Interpretation of Louisiana Insurance Contracts

Under Louisiana law, insurance contracts should be interpreted using the Louisiana Civil Code's general rules of interpretation of contracts. See Reed v. GEICO Casualty Co., 2025 WL 396283 at *1 (La. App. 3 Cir. 2025). When interpreting contracts, courts should determine the common intent of the parties. See La. Civ. Code art. 2045. When the contract's language is clear and its interpretation produces no absurd results, the parties' intent must be derived from that language, and no further inquiry is warranted. See La. Civ. Code art. 2046. A contract should be interpreted to cover only those matters the parties seem to have intended. See La. Civ. Code art. 2051.

## III. Analysis

The insurance contract in the record establishes that the policy contains an endorsement stating it does not provide coverage for "[t]he covered auto's collision with another object." Record Document 33-2 at 10. Plaintiffs seek damages arising from a motor vehicle accident involving the covered auto. See Record Document 1-2 at ¶ 5.

Because the endorsement unambiguously excludes coverage for such collisions, the damages claimed by Plaintiffs are not covered under the policy. There is no genuine issue of material fact as to the applicability of this exclusion. Interpreting the contract according to its clear terms, the Court concludes that AIFE is entitled to judgment as a matter of law. Accordingly, AIFE's Motion for Summary Judgment is granted.

## CONCLUSION

Based on the foregoing analysis, this Court finds there are no genuine issues of material fact, and AIFE is entitled to judgment in its favor as a matter of law.

Accordingly, AIFE's Motion for Summary Judgment (Record Document 33) is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

A judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 23rd day of September, 2025.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT